(169 App. Div. 636)

In re CEBULSKY.

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. ATTORNEY AND CLIENT ⚖══42—DISBARMENT—FALSE AFFIDAVITS.

An attorney, who makes untrue affidavits, with reckless disregard of their truth, to obtain an extension of time for appealing, should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. ⚖══42.]

2. ATTORNEY AND CLIENT ⚖══53—DISBARMENT—FALSE AFFIDAVITS.

In a disbarment proceeding, evidence *held* to show attorney made untrue affidavits to the court, in reckless disregard of their truth, and should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. ⚖══53.]

Proceeding by the Association of the Bar of the City of New York against Jacob Cebulsky for unprofessional conduct. Respondent disbarred.

See, also, 163 App. Div. 867, 147 N. Y. Supp. 1103.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City (Harry N. Wessel, of New York City, of counsel), for petitioner.

Meyer D. Siegel, of New York City, for respondent.

PER CURIAM. The respondent is charged by the Association of the Bar of the City of New York with unprofessional conduct, in that on several occasions he presented to the court, for the purpose of influencing its judicial action, affidavits which he knew to be false and deceptive, whereby he intended to mislead the court. The official referee, to whom the charges were referred, after a careful review of the evidence, has reported that the respondent is guilty as charged, and our examination of the evidence leads to a confirmation of his findings in that regard.

The respondent was concerned as attorney for the defendants in two actions in which judgments were rendered against his clients on June 26, 1912. Respondent served notices of appeal on July 23, 1912. He was given by the trial justice 120 days within which to make and serve cases on appeal; such time expiring on October 24, 1912. Respondent did not serve the cases on appeal within the time thus allowed, but on October 23, 1912, applied to Mr. Justice Greenbaum for a further extension of time to make and serve such cases. In his affidavit presented to obtain this order he swore without qualification that he had been unable to make up the cases on appeal, because he had been unable to obtain the minutes of the trial, for the reasons that the official stenographers (three in number) who had taken the minutes had been away from New York on their vacations during the summer, and one of them, Mr. Shalvey, had been abroad. These statements were false. The stenographers referred to had not been away on vacation, and Mr. Shalvey had not been abroad. On the contrary, all of the stenographers had kept their offices open, and had themselves attended there for several days during each week, and the only reason why respondent had not received the minutes in ample time to make up cases on appeal was that he had never ordered them.

As a result of respondent's application on the false affidavit, his time to make and serve cases on appeal was extended to December 6, 1912. He did not serve the cases within the time as thus extended, and on December 16, 1912, the plaintiffs moved to dismiss the appeals. In response to this motion respondent verified and served two affidavits, one in each case, in which he reiterated the false statements contained in the affidavit theretofore submitted to Mr. Justice Greenbaum, and added the additional falsehood that he had ordered the minutes as early as July 8, 1912, a statement which is clearly shown to have been untrue. Upon the strength of these false affidavits the respondent obtained from this court a denial of the motion to dismiss the appeals, provided he caused the returns on appeal to be filed and the causes brought on for argument on January 15 and January 22, 1913, respectively. Not content with this, respondent moved be-

fore this court for a resettlement of its order, so as to allow him until February 17, 1913, to bring the appeals on for argument. In support of this motion he submitted yet another affidavit, containing the same false statements which had been made in the former affidavits. This motion was denied, and the appeals dismissed; respondent's conduct being characterized by the court as a "deliberate attempt to deceive the court."

The respondent cannot, of course, deny that he made these false affidavits, which are matters of record, nor does he now seriously contend that they were true. His attempted explanation is that he believed them to be true, and had good reason for so believing. The evidence contradicts him, and we agree entirely with the official referee that "his affidavits exhibit a reckless disregard of the truth."

It is quite apparent that a person who is guilty of such deliberate and repeated attempts to mislead and impose upon the courts is not a fit person to remain a member of the bar. He is therefore disbarred. Settle order on notice.